[Cite as *State v. Zsigray*, 2021-Ohio-1457.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0044** |
| TYLER J. ZSIGRAY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2019 CR 00617.

Judgment: Affirmed.

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Robert N. Farinacci*, 65 North Lake Street, Madison, OH 44057 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Tyler J. Zsigray, appeals his lifetime driver's license suspension following the entry of guilty pleas to Failure to Stop After an Accident and Aggravated Vehicular Homicide. For the following reasons, we affirm the suspension.

{¶2} On October 9, 2019, the Ashtabula County Grand Jury returned an Indictment charging Zsigray with Failure to Stop After an Accident (Count One), a felony of the second degree in violation of R.C. 4549.02(A) and (B)(3)(b); Aggravated Vehicular

Homicide, a felony of the third degree in violation of R.C. 2903.06(A)(2)(a) and (B)(3); and Tampering with Evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1).

{¶3} On December 19, 2019, Zsigray was arraigned and entered a plea of not guilty to the charges.

{¶4} On August 25, 2020, Zsigray entered a Written Plea of Guilty to Failure to Stop After an Accident and Aggravated Vehicular Homicide as charged in the Indictment in exchange for having the Tampering with Evidence charge dismissed.

{¶5} On August 28, 2020, the sentencing hearing was held. Regarding the underlying facts of the crimes, the State made the following statement:

> The State's evidence would have shown that on or about June 16th, 2019, in Harpersfield Township, the Defendant struck and killed Rhonda Beduhn with his vehicle. She was a pedestrian. Her body was found on the side of the road by a passing motorist at approximately 6:00 A.M. that morning.
>
> After Defendant and his co-defendant were arrested, Your Honor, they admitted that they went back to the scene of that accident that night or early morning in the same vehicle, and they saw Rhonda Beduhn, saw her body lying there on the side of the road, and they left again. At no time did the Defendant or his co-defendant ever call 911 and attempt to render aid to the pedestrian that they had just struck and killed.
>
> And, in fact, Your Honor, they did everything in their power to conceal their involvement in the accident. They hid the vehicle. The vehicle was found at a relative's house under a tarp to conceal the damage. * * *
>
> Your honor, as you know, the Defendant was on post-release control at that time for an offense of Arson, and so it seems, Your Honor, that his concern that day was not for the life of Rhonda Beduhn. He was more concerned about the fact that he was on parole and more concerned about keeping himself out of trouble than he was for attempting to help this woman or save her life or attempt to save her life in any way.

{¶6} For Failure to Stop After an Accident, the trial court imposed a stipulated, indefinite sentence of 8 years with a potential maximum term of 12 years and restitution in the amount of $5,000. For Aggravated Vehicular Homicide, the court imposed a concurrent 24-month sentence and a lifetime license suspension.

{¶7} On August 31, 2020, Zsigray's sentence was memorialized in a written Judgment Entry of Sentence.

{¶8} On September 28, 2020, Zsigray filed a Notice of Appeal. On appeal, he raises the following assignments of error:

{¶9} "[1.] The trial court failed to fully consider the overriding purposes of felony sentencing as set forth in R.C. §2929.11 when the Court did not consider the rehabilitation of the appellant thereby depriving the appellant of a fair and balanced sentence that includes the promotion of rehabilitation."

{¶10} "[2.] The trial court erred to the prejudice of the appellant in finding that the death of the victim elevated the seriousness of the offenses."

{¶11} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b).

{¶12} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing." R.C. 2929.11(A). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others,

3

to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id.*

{¶13} When imposing a sentence for a felony, the trial court "has discretion to determine the most effective way to comply with the purposes and principles of [felony] sentencing" and "shall consider the factors * * * relating to the seriousness of the conduct" and "the factors * * * relating to the likelihood of the offender's recidivism." R.C. 2929.12(A). A non-exhaustive list of factors relating to the seriousness of the conduct and the likelihood of recidivism is set forth in divisions (B), (C), (D), and (E) of R.C. 2929.12.

{¶14} "[A] sentencing court's compliance with R.C. 2929.11 and 2929.12 does not provide grounds for a reviewing court to vacate or otherwise modify a sentence pursuant to R.C. 2953.08(G)(2)." *State v. Stanley*, 11th Dist. Lake No. 2020-L-065, 2021-Ohio-108, ¶ 35. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, __ Ohio St.3d __, 2020-Ohio-6729, __ N.E.3d __, ¶ 42, *also* at ¶ 39 ("R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12").

{¶15} We note that Zsigray's prison terms were stipulated to by the parties and are not subject to review. The following arguments pertain solely to the appropriateness of the lifetime driver's license suspension.

4

{¶16} Under the first assignment of error, Zsigray argues the trial court failed to consider his rehabilitation as required by R.C. 2929.11 when it imposed the lifetime driver's license suspension. "Had rehabilitation been contemplated when passing sentence, the burden and permanency of a lifetime driving ban and the challenges and difficulties that such a harsh sanction would impose on any effort at a normal, productive and law-abiding life may have produced a term less than the maximum possible." Appellant's brief at 4.

{¶17} Pursuant to *Jones* and R.C. 2053.08(G)(2), the trial court's alleged failure to fully consider Zsigray's rehabilitation is not a proper basis for vacating the lifetime suspension. Even prior to the *Jones* decision, it was well-established that "consideration of the appropriate factors set forth in R.C. 2929.11 can be presumed unless the defendant affirmatively shows to the contrary." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243. Here, the trial court's written Entry of Sentence states expressly that it has considered "the principles and purposes of sentencing under R.C. 2929.11." Zsigray has made no affirmative showing to the contrary.

{¶18} The Ohio General Assembly has deemed a lifetime driver's license suspension to be an appropriate part of a sentence for Aggravated Vehicular Homicide. R.C. 2903.06(B)(3) ("for a violation of division (A)(2) of this section, the court shall impose upon the offender a class two suspension of the offender's driver's license"); R.C. 4510.02(A)(2) ("[f]or a class two suspension, a definite period of three years to life"). The sentence imposed by the trial court is within this range and is not otherwise contrary to law. We note that, regardless of the convenience it entails, driving in Ohio "is not a right but a privilege." *State v. Tanner*, 15 Ohio St.3d 1, 5, 472 N.E.2d 689 (1984). Furthermore,

even a lifetime suspension is subject to modification or termination under the appropriate circumstances. R.C. 4510.54.

{¶19} The first assignment of error is without merit.

{¶20} In the second assignment of error, Zsigray argues the trial court improperly assessed the seriousness factors under R.C. 2929.12(B) inasmuch as it considered the victim's death which is an element of Aggravated Vehicular Homicide. At the sentencing hearing, the court stated: "Looking at the seriousness factors, an innocent life was taken, so the more serious factors can't get any more serious than that." Zsigray cites to various cases in which the courts of appeal noted that consideration of the element inherent in the commission of an offense as an aggravating factor was improper. *See*, *e.g.*, *State v. Ivkovich*, 2018-Ohio-609, 106 N.E.3d 305, ¶ 36-37 (2d Dist.) (acknowledging appellant's argument that it was improper to consider the victim's death as an aggravating factor in sentencing for vehicular homicide but, nevertheless, affirming the sentence imposed because it fell within the permissible statutory range).

{¶21} We find no error. Initially, we note that consideration of the victim's death was appropriate with respect to Failure to Stop After an Accident, the more serious of the two charges under consideration. Secondly, we emphasize that consideration of the factors making a crime more serious is left to the discretion of the sentencing court and that this court is not authorized to evaluate whether the court abused its discretion under the clearly and convincingly contrary to law standard (thus the *Ivkovich* court affirmed the sentence as "not contrary to law"). *Jones*, __ Ohio St.3d __, 2020-Ohio-6729, __ N.E.3d __, at ¶ 39 ("R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the

6

record under R.C. 2929.11 and 2929.12").

{¶22} The second assignment of error is without merit.

{¶23} For the foregoing reasons, Zsigray's lifetime driver's license suspension is affirmed. Costs to be taxed against the appellant.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.